UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-CR-20117-CMA

UNITED STATES OF AMERICA

vs.

SURESH GAJWANI,

      **Defendant.**
_____/

## UNITED STATES RESPONSE TO THE STANDING DISCOVERY ORDER

The United States hereby files this response in anticipation of the filing of the Standing Discovery Order. This response also complies with Local Rule 88.10 and Federal Rule of Criminal Procedure 16, and is numbered to correspond with Local Rule 88.10.

A.

1. The government is unaware of any written statement made by the defendant to law enforcement.

2. The government is unaware of any oral statement made by the defendant to law enforcement.

3. No defendant testified before the Grand Jury.

4. There is no NCIC record on the defendant.

5. Books, papers, documents, photographs, tangible objects, buildings or places which the government intends to use as evidence at trial to prove its case in chief, or were obtained or belonging to the defendant may be inspected at a mutually convenient time at the Office of the United States Attorney, 99 Northeast 4th Street, Miami, Florida, 4th Floor. Please call the undersigned to set up a date and time that is convenient to both parties.

   The attachments to this discovery response are not necessarily copies of all the books, papers, documents, etc., that the government may intend to introduce at trial.

6. There were no physical or mental examinations or scientific tests or experiments made in connection with this case.

B.    DEMAND FOR RECIPROCAL DISCOVERY: The United States requests the disclosure and production of materials enumerated as items 1, 2 and 3 of Section B of the Standing Discovery Order. This request is also made pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure.

C.    The government will disclose any information or material which may be favorable on the issues of guilt or punishment within the scope of Brady v. Maryland, 373 U.S. 83 (1963), and United States v. Agurs, 427 U.S. 97 (1976).

D.    The government will disclose any payments, promises of immunity, leniency, preferential treatment, or other inducements made to prospective government witnesses, within the scope of Giglio v. United States, 405 U.S. 150 (1972), or Napue v. Illinois, 360 U.S. 264 (1959).

E.    The government will disclose any prior convictions of any alleged co-conspirator, accomplice or informant who will testify for the government at trial.

F.    No defendant was identified in a lineup, show-up or photo spread.

G.    The government has advised its agents and officers involved in this case to preserve all rough notes.

H.    The government will timely advise the defendant of its intent, if any, to introduce during its case in chief proof of evidence pursuant to F.R.E. 404(b). You are hereby on notice that all evidence made available to you for inspection, as well as all statements disclosed herein or in any future discovery letter, may be offered in the trial of this cause, under F.R.E. 404(b) or otherwise.

I.    The defendant is not an aggrieved person, as defined in Title 18, United States Code, Section 2510(11), of any electronic surveillance.

J.    The government will order transcribed the Grand Jury testimony of all witnesses who will testify for the government at the trial of this cause.

K.    No contraband is involved in this indictment.

L.    The government does not know of any automobile, vessel, or aircraft allegedly used in the commission of this offense that is in the government's possession.

M.    The government is not aware of latent fingerprints or palm prints which have been identified by a government expert as those of the defendant(s).

N.    The government has not received a request for disclosure of the subject-matter of expert testimony that the government reasonably expects to offer at trial. The government does not intend to offer any expert testimony at trial.

O.    The government will make every possible effort in good faith to stipulate to all

   facts or points of law the truth and existence of which is not contested and the early resolution of which will expedite trial. These stipulations will be discussed at the discovery conference.

 P. At the discovery conference scheduled in Section A.5, above, the government will seek written stipulations to agreed facts in this case, to be signed by the defendant and defense counsel.

 The government is aware of its continuing duty to disclose such newly discovered additional information required by the Standing Discovery Order, Rule 16(c) of the Federal Rules of Criminal Procedure, <u>Brady</u>, <u>Giglio</u>, <u>Napue</u>, and the obligation to assure a fair trial.

 Please find attached to this response an index setting forth the documents being produced.

       Respectfully submitted,

       HAYDEN P. O'BYRNE
       UNITED STATES ATTORNEY

   By: <u>s/Michael N. Berger</u>
     MICHAEL N. BERGER
     Assistant United States Attorney
     Court No. A5501557
     99 Northeast 4th Street
     Miami, Florida 33132-2111
     Tel: (305) 961-9445
     E-mail: michael.berger2@usdoj.gov

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the attached was filed using CM/ECF on April 16, 2025 and a copy of the discovery will be provided via Federal Express to counsel of record:

*Counsel for Suresh Gajwani*
Tino Lisella
Carlton Fields
CityPlace Tower
525 Okeechobee Boulevard
Suite 1200
West Palm Beach, FL 33401
Tel:  305-539-7223
Email: tlisella@carltonfields.com

s/Michael N. Berger
Assistant United States Attorney

## Index of Documents

| Folder | Documents |
|---|---|
| Financial Analysis | Various financial analyses of bank records and tax liabilities |
| GJ Productions | Production of records from various banks and financial institutions as well as accounting firms |
| Key Docs | Key documents from email search warrant |
| ROI | Interview reports from witnesses |
| Tax Documents | Tax documents for Suresh Gajwani and Nimco II as well as various related individuals and entities |