UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 25-CR-20117-CMA

UNITED STATES OF AMERICA

vs.

SURESH GAJWANI,

Defendant.
_____/

## FACTUAL PROFFER

The United States of America and the defendant, Suresh Gajwani, stipulate and agree that the information stated herein is true and accurate and a sufficient basis for the defendant's guilty plea to one count of fraud and false statements to the Internal Revenue Service ("IRS"), under Title 26, United States Code, Section 7206(1). As explained in more detail below, on or about January 27, 2020, the defendant willfully signed a materially false tax statement under penalty of perjury that was submitted to the IRS.

**Background**

Corporations are taxed in different ways by the IRS depending on the type of corporate structure. A "C" corporation is a business structure in which profits are taxed first at the entity level, at a rate of 21%, and again at the shareholder level after profits are distributed. An "S" corporation is a pass-through entity that does not pay taxes, and instead the income (or losses) of the entity is passed through to their individual shareholders who then report and pay taxes on that passthrough income at their individual income tax rate, which can be as high as 37%.

A corporation must file certain paperwork with the IRS to be recognized as either a C Corporation or an S Corporation. A corporation may file additional paperwork to change its corporate status, if, for example, it chose to convert from a C corporation to an S corporation.

1

Specifically, IRS Form 2553 is used to convert a C corporation to an S Corporation.

IRS regulations permit a corporation to elect S Corporation status in the year of incorporation. IRS regulations also permit a corporation to request a late S corporation election for a prior year. However, to do so, the corporation must file a good cause statement with the IRS explaining the reason for the late election. The good cause statement can be included in the Form 2553, or as an attached statement to the Form 2553, which is signed under penalty of perjury and submitted to the IRS. Generally, to qualify for late relief, the good cause statement must show that the corporation (a) failed to qualify on the effective date solely because the Form 2553 wasn't filed by the due date, (b) had reasonable cause for its failure to timely file, and (c) has acted diligently to correct the mistake. If the corporation is not eligible, the IRS will reject the conversion to an S Corporation.

**Relevant Facts**

The defendant was a resident of Aventura in Miami-Dade County as of 2018. On July 2, 2018, the defendant requested Accountant 1 (from a major international accounting firm) in South Florida to create a C corporation. The defendant made this request to form a C corporation, following discussions with Accountant 1, intending to take advantage of then-recent changes to the corporate tax rates for C Corporations. On July 8, 2018, at the request of the defendant, Accountant 1 caused the creation of Nimco II Corp ("Nimco") as a C corporation listing an address of record in Aventura, Florida and listing the defendant, along with three individual trusts, as the principal shareholders of Nimco. Starting in September 2018, the defendant engaged in stock and options trading through Nimco's account with his brokerage account using defendant's address in Aventura, Florida.

In October 2019, defendant's Nimco brokerage account experienced substantial gains in the tens of millions of dollars. At around the same time, the defendant became interested in the tax

incentive program offered pursuant to Puerto Rico Act 60 ("Act 60"). Act 60 exempts federal capital gains from taxation for Puerto Rico residents. Act 60 applies to assets of a taxpayer only after a taxpayer becomes a resident of Puerto Rico. The next month, in or around November 2019, the defendant moved from Florida to Puerto Rico. Effective January 1, 2020, the defendant became a bona fide resident of Puerto Rico.

By 4th Quarter of 2019, and prior to the effective date of defendant's residency in Puerto Rico (January 2020), the defendant's brokerage account at Nimco had substantially appreciated in value by tens of millions of dollars. Accountant 1 consulted with defendant on how to avoid paying any taxes on Nimco's substantial built-in capital gains. Specifically, Accountant 1 advised the defendant to convert Nimco from a C corporation to an S corporation. Accountant 1 advised the conversion because Nimco, as a United States-based C corporation, could not qualify for Act 60 benefits because the assets would be considered U.S. sourced.

Attorney 1 (a South Florida attorney from a major international law firm) subsequently provided a legal opinion to the defendant (in exchange for a significant fee) on two issues: (a) that income earned by a U.S.-based S Corporation could be considered as sourced to Puerto Rico and therefore be exempt from capital gains taxes under Act 60; and (b) that built-in capital gains for U.S. residents accrued prior to becoming a resident of Puerto Rico could be exempt from federal taxes under Act 60.

In or around January 2020, Accountant 1 prepared an IRS Form 2553 late election to convert Nimco from a C-Corporation to an S Corporation effective January 1, 2019.  The form included an attached exhibit with the following statements prepared by Accountant 1:

- "Nimco II Corp intended to be treated as an S-Corporation as of January 1, 2019."

- "Nimco II Corp has reasonable cause for its failure to timely file Form 2553. Taxpayer would have elected S Corporation status since inception had it not been for the fact that the entity

had ineligible shareholders. On January 1, 2019, the ownership was restructured so that all of the shareholders are now individuals and eligible small business trusts. This was executed so that the entity could elect S Corporation status effective on that date (January 1, 2019)."

The defendant knew when signing the Form 2553 that it contained two false statements. The defendant did not intend, as of January 1, 2019, to treat Nimco as an S Corporation. Moreover, the defendant did not intend for Nimco to have S Corporation status at inception. Defendant 1 knew that the true reason for the late election was to avoid paying taxes. Accountant 1 discussed with defendant that it was unlikely that the IRS would scrutinize the retroactive S Corporation election.

On January 27, 2020, the defendant signed this false statement under penalties of perjury and caused it to be submitted to the IRS from Accountant 1's South Florida office.

During 2019, Nimco had approximately $30 million in built-in capital gains and would have owed approximately $7 million in capital gains taxes if Nimco had been treated as a C Corporation in 2019. Based on the false statement attached to the Form 2553, the IRS granted Nimco's S Corporation election retroactive to January 1, 2019. As a result, the defendant caused Nimco not to pay the taxes on Nimco's capital gains for 2019.

KAREN E. KELLY
ACTING DEPUTY ASSISTANT ATTORNEY GENERAL

HAYDEN P. O'BYRNE
UNITED STATES ATTORNEY

Date: 6/13/25                              By: _____
                                               MICHAEL N. BERGER
                                               SENIOR LITIGATION COUNSEL

Date: 6/13/25                              By: _____
                                               TINO LISELLA
                                               ATTORNEY FOR DEFENDANT

Date: 6/13/'25                             By: _____
                                               SURESH GAJWANI
                                               DEFENDANT

5