**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 25-CR-20117-CMA**

**UNITED STATES OF AMERICA**

**vs.**

**SURESH GAJWANI,**

    **Defendant.**
_____/

**SENTENCING MEMORANDUM OF THE UNITED STATES**

    The defendant has pled guilty to a serious offense – willfully making a false statement to the Internal Revenue Service. The defendant committed this crime to avoid paying approximately $7 million in taxes. Tax crimes are crimes of willfulness committed by rational actors who make cost-benefit analyses. Prison sentences are needed to deter taxpayers in similar circumstances from engaging in such conduct. This is particularly so given the rising gap between overall taxes owed and taxes collected as well as the substantial decline in criminal tax cases and audits in recent history. People facing similar decisions, as the defendant did, need to know that making such choices will result in prison time.

    Ultimately, however, this case has substantial extenuating circumstances. The defendant is a 79-year old who had stage-four kidney cancer, brain hemorrhages, and currently suffers from early onset dementia. Given this unique combination of age, medical, and mental conditions, the government seeks a downward departure of the total offense level to a level ten and requests a sentence of six-months' home confinement.

**Argument**

A.     **Application of 18 U.S.C. § 3553(a) Factors**

Title 18, United States Code, Section 3553(a) requires the Court to consider the factors set forth below to fashion an appropriate sentence, this Memorandum addresses each relevant factor in turn.

*1a.     Nature and circumstances of offense*

This case is about the defendant making a false statement to the IRS to avoid paying capital gains taxes of approximately $7 million in connection with over $30 million in gains. The defendant owned shares (primarily in Tesla) that had substantially appreciated from 2018 to 2019. The defendant owned these shares through a C-corporation called Nimco II Corp ("Nimco"). In October 2019, the defendant learned about tax benefits associated with Act 60 of Puerto Rico. Act 60 allows U.S. taxpayers who become bona fide residents of Puerto Rico to receive an exemption on U.S. capital gains taxes that accrue *after* becoming residents of Puerto Rico. Act 60 *does not* allow U.S. taxpayers to move to Puerto Rico with assets with built-in gains and then avoid taxes on those assets.

The defendant became a resident of Puerto Rico effective January 2020. Around this time, an attorney provided advice to the defendant that Nimco could avoid capital gains on gains accrued before becoming a resident, but only if Nimco owned the shares in a passthrough S corporation in 2019. His accountant prepared a form to convert Nimco to an S corporation retroactive to January 1, 2019 with a statement that the defendant intended to be a S corporation at inception. Defendant knew this statement to be false, and that the company was intended as a C corporation at inception. His accountant advised that the IRS was unlikely to scrutinize the election. Ultimately, the

defendant signed the statement under penalty of perjury and caused its submission to the IRS.   As a result, the defendant avoided paying approximately $7 million in capital gains taxes that he owed.

   *1b.*   *History and Characteristics of the Defendant*

The defendant is a 79-year old man who had Stage 4 kidney cancer for several years, followed by a brain hemorrhage, and multiple brain surgeries.   The defendant suffers from early stages of dementia as confirmed through MRI brain scan imaging.   The government has had an opportunity to meet with the defendant, while the government has no concerns regarding his competence and ability to understand proceedings, the government did observe symptoms consistent with the diagnosis.   Dementia presents a significant dilemma for a criminal case and presents difficult issues even if a defendant is found competent:

- At the trial stage, if a defendant chose to proceed to trial, could the defendant be found competent to assist in their own defense if they could not retain short-term memory?
- Following a conviction, can the purposes of sentencing (incapacitation, retribution, rehabilitation, and deterrence) be met through jail time on a person living with dementia?
- If sentenced, does the Bureau of Prisons have sufficient resources in its mental care facility to accommodate such an individual?

In light of defendant's unique extenuating circumstances, the government is not seeking a sentence of incarceration in this matter.

### 2. *Need for Sentence to Reflect Seriousness of Offense and Afford Adequate Deterrence*

The United States has a substantial tax gap between taxes owed and taxes paid. The tax gap is the difference between estimated tax liability of individuals and corporations and the actual taxes paid. In the last year with available data, the IRS estimated a tax gap of approximately $700 billion representing the difference between estimated taxes of $4.6 billion and actual taxes paid of approximately $3.9 billion. Most of the gap comes from wealthy individuals who underreport their income. This growing disparity contributes to a lack of trust in the fairness of our system. It also poses a risk to the fiscal stability of the nation, especially if the tax gap continues to rise as it has done in the last decade.

While the tax gap has grown, the number of federal criminal tax cases has plunged substantially over the last decade. According to DOJ data, criminal tax prosecutions have declined from 1,215 defendants charged in 2013 to approximately 342 defendants charged in 2023. At the same time, the number of tax return audits has also been declining in the last several years. Federal tax crimes are committed by sophisticated actors making cost-benefit analyses. Such actors may decide that the risks of consequences are so low that that more people decide to cheat on their taxes. This is particularly so if they see that federal criminal cases result in probation, or light sentences, for offenders convicted on multi-million dollar matters.

### 3. *The Need for Specific Deterrence and to Protect the Public*

The defendant is a highly-educated individual who is currently retired. The defendant has no prior criminal history. The defendant does not appear to have a history of tax-related misconduct (unlike many tax defendants). In the government's estimation, the defendant does not pose a risk of recidivism or a threat to the public.

    ***4.    The Need to Avoid Unwarranted Sentence Disparities among Defendants with Similar Records Who Have been Found Guilty of Similar Conduct***

The government believes that this is a unique case. Based on the government's research, this is the first case identified of an individual making a false statement associated with an IRS form 2553 – change of corporate status. Similarly, the government has not found a similar case involving this combination of age, medical and mental health considerations (including dementia-related issues).

    ***5.   The Need to Provide Restitution to Victims***

The defendant has made payment to the Internal Revenue Service totaling over $15 million. This amount reflects the defendant's tax liability of approximately $7 million combined with a fraud penalty (75% of the tax liability – approximately $5 million) and interest of approximately $3 million.

_____

**Conclusion**

For the foregoing reasons, the United States respectfully seeks a sentence of six months' home confinement.

Dated: August 18, 2025.

          Respectfully submitted,

          JASON REDING QUIÑONES
          UNITED STATES ATTORNEY

By:  *s/ Michael N. Berger*
      Michael N. Berger
      Assistant United States Attorney
      Court No. A5501557
      Michael.berger2@usdoj.gov
      United States Attorney's Office
      Southern District of Florida
      99 Northeast 4th Street
      Miami, Florida 33132-2111
      Tel: (305) 961-9445
      Fax: (305) 536-4699

## **CERTIFICATE OF SERVICE**

I certify that on August 18, 2025, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

> By: *s/ Michael N. Berger*
> Michael N. Berger
> Assistant United States Attorney